ALAN HARRIS, ESQ. (SBN 146079)
**HARRIS & RUBLE**
5455 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366
aharris@harrisandruble.com
dzelinski@harrisandruble.com

Attorneys for Plaintiff
HELEN KANG

REX S. HEINKE (SBN 66163)
DAMIEN P. DELANEY (SBN 246476)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
rheinke@akingump.com
ddelaney@akingump.com

W. RANDOLPH TESLIK, P.C. (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
RTESLIK@AKINGUMP.COM

Attorneys for Settling Defendants
ALBERTSONS, LLC, erroneously sued as
ALBERTSON'S INC., DBA AMERICAN
DRUG STORES, INC., ALBERTSONS, INC.,
NEW ALBERTSONS, INC., AND
SUPERVALU, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN KANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, INC., a Delaware Corporation dba AMERICAN DRUG STORES, INC., et al.,<br><br>Defendants. | Case No. CV 07-0894 CAS (FFMx)<br><br>**ORDER OF FINAL APPROVAL OF SETTLEMENT AND DISMISSING ACTION** |

1  The Court having considered whether to order final approval of the
2  settlement of the above-captioned action pursuant to the Stipulation of Settlement
3  ("Settlement") filed on or about March 31, 2008, and the Amended Stipulation of
4  Settlement filed on or about June 3, 2008, having read and considered all of the
5  papers of the parties and their counsel, having granted preliminary approval and
6  directed that notice be given to all Class Members of preliminary approval of the
7  Settlement and the final approval hearing and the right to be excluded from the
8  settlement on April 7, 2008, and June 4, 2008, and having received no objections
9  to the Settlement, good cause appearing,

10 **IT IS HEREBY ORDERED AS FOLLOWS:**

11  1.  Terms used in this Order have the meaning assigned to them in the
12 Stipulation of Settlement.

13  2.  This Court has jurisdiction over the claims asserted in the Litigation
14 by Plaintiff Helen Kang ("Plaintiff"), and over Class Members and Settling
15 Defendants.

16  3.  The Court hereby makes final the conditional class certification
17 contained in the Order of Preliminary Approval of Settlement, Certification of
18 Settlement Class and Appointment of Class Counsel, and thus makes final for
19 purposes of the Settlement the certification of a class whose members consist of
20 all persons who were employed by Albertsons, Inc., whether in an Albertsons
21 grocery store or a Sav-on Drug Store, by Albertsons, LLC, or by New Albertsons,
22 Inc., as an hourly, non-exempt pharmacist in California between November 21,
23 2002 and April 7, 2008, except for those persons who timely requested to be
24 excluded from the Settlement in accordance with the terms thereof, as reported in
25 the Declaration of the Qualified Settlement Administrator on file herein.

26  4.  The Court hereby finds that the Notice of Preliminary Approval of
27 Settlement and Final Approval Hearing and Right to Be Excluded From the Class,

as mailed to all Class Members on or about June 6, 2008, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.  The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.  Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this final order.

5. The Court hereby finds that the Settlement is fair, reasonable, and adequate as to the Class, Plaintiff and Settling Defendants, and is the product of good faith, arms-length negotiations between the parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law.  Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Settling Defendants to pay the Individual Settlement Amounts and associated tax obligations from the Settlement Amount in accordance with the terms of the Settlement.

6. Settling Defendants agreed in the Settlement not to object to Plaintiff's request for an enhancement award not to exceed the amount of $25,000.00 as payment to her for her service as Plaintiff.  The Court has considered Plaintiff's request for an enhancement award of $25,000 and, good cause appearing, hereby grants Plaintiff's request in the amount of $ _25,000_ and authorizes Settling Defendants to pay this amount from the Settlement Amount in accordance with the terms of the Settlement.

1  7. Settling Defendants further agreed in the Settlement to pay
2  reasonable attorneys' fees, expenses, and costs to Plaintiff's Counsel up to a
3  maximum of $1,991,250 as approved by the Court. Plaintiff's counsel has
4  reduced his request of attorneys' fees, expenses, and costs to $1,882,905.77 so
5  that certain late claims can be paid from the amount originally designated as
6  attorneys' fees. The Court has considered Plaintiff's motion for the award of
7  attorneys' fees, costs and expenses, and, good cause appearing, hereby awards
8  Plaintiff's Counsel attorneys' fees, costs and expenses in the amount of
9  $ _1,882,905.77_ and authorizes Settling Defendants to pay such amounts from
10 the Settlement Amount in accordance with the terms of the Settlement.

11 8. Settling Defendants further agreed in the Settlement to pay from the
12 Settlement Amount the reasonable costs of the Qualified Settlement
13 Administrator associated with notices to the Class and the administration of the
14 Settlement and all costs associated with distribution of Individual Settlement
15 Amounts to Class Members. Good cause appearing, the Court hereby authorizes
16 Defendant to pay the amount of $60,733 to the Qualified Settlement
17 Administrator in accordance with the terms of the Settlement.

18 9. The Litigation is hereby dismissed with prejudice; *provided,*
19 *however,* that without affecting the finality of this Order, the Court hereby retains
20 exclusive and continuing jurisdiction over the Litigation, Plaintiff, all Class
21 Members and Settling Defendants, for purposes of supervising, administering,
22 implementing, interpreting and enforcing this Order and the Settlement.

24 Dated: _September 8, 2008_         _Christina A. Snyder_
25                                    Hon. Christina A. Snyder
                                      United States District Court Judge